IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD BOYD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0308 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS CASE

On October 15, 2015, petitioner tendered to this Court a pleading entitled "Notice of Appeal Denial of Mandamus Relief" listing The State of Texas as "appellee" and citing a state appellate court number and a state trial court number. Petitioner attached to his pleading a copy of a letter from the Texas Court of Criminal Appeals dated September 21, 2015 wherein that court advised petitioner that the petition for discretionary review he had filed seeking review of the intermediate appellate court's denial of mandamus relief was not appropriate and that no further action would be taken. A cover letter accompanying petitioner's pleading advised he was enclosing a "notice of appeal denial of mandamus relief." The United States District Clerk filed petitioner's pleading as a petition for a federal writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254.

On October 26, 2015, this Court entered an Order temporarily granting petitioner permission to proceed *in forma pauperis* in a federal habeas corpus proceeding. The undersigned noted it appeared

petitioner was attempting to appeal a state intermediate appellate court's denial of mandamus relief,[1] but that if petitioner were attempting to initiate a federal habeas corpus proceeding, it appeared he had not exhausted his available state court remedies by filing, with the Randall County district Clerk, a petition for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure challenging his conviction on, presumably, the bases of an involuntary plea or ineffective assistance of trial counsel for not preserving his right to appeal the suppression ruling. Petitioner was instructed that if was not attempting to initiate a federal habeas corpus proceeding under 28 U.S.C. § 2254, he should advise the Court as to the type of cause petitioner was attempting to bring.

On November 20, 2015, petitioner filed a pleading entitled "Show Cause of Action Petitioner Attempts to Bring" wherein he advises the Court he "is not attempting to initiate a federal habeas corpus proceeding under 28 U.S.C. § 2254," but is "actually seek[ing] review of the court of appeals for the Seventh District's denial of mandamus relief." Petitioner "prays that the Court review the face of this pleading [and] the record in the proceedings [and] order the Court of Appeals to reverse it's Judgement [and] reinstate appellant's appeal or remand the cause back to the trial court [and] all other relief the Court deems just."

Federal district courts do not have appellate jurisdiction over a state intermediate appellate court's rulings.[2] Specifically, there is no direct appeal to a federal district court from a state intermediate appellate court's ruling denying a petition for a writ of mandamus. This case should be dismissed for lack of subject matter jurisdiction.

---

[1] By his petition for mandamus, petitioner appeared to be seeking review of the state trial court's denial of his motion to suppress in the underlying state criminal proceedings which resulted in his June 17, 2014 conviction, pursuant to a guilty plea, of the offense of robbery and the imposition of a 30-year sentence.

[2] The Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004); *see Moore v. Texas Court of Criminal Appeals*, 561 Fed.Appx. 427 (5th Cir. 2014).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that this case be DISM ISSED for lack of jurisdiction.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   24th   day of November 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).